IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | § § § |
| **Plaintiff,** | § § |
| v. | §   CIVIL ACTION NO. |
| | § |
| **WAYNE WRIGHT, A PROFESSIONAL CORPORATION** | § § § |
| | § |
| **Defendant.** | §   **JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT OF THE UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

TO THE HONORABLE UNITED STATES DISTRICT COURT:

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Kendra Taylor-Andrews, who was adversely affected by such practices. As alleged with greater particularity in paragraph(s) 8-22 below, Defendant Wayne Wright, a Professional Corporation, discriminated against Ms. Taylor-Andrews because of her pregnancy, and unlawfully retaliated against her because she filed an EEOC Charge of Discrimination against her former employer after being unlawfully fired.

### JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission" or "EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant Wayne Wright, a Professional Corporation ("Wayne Wright"), has continuously been a Texas Professional Corporation doing business in the State of Texas and the City of Houston, and has continuously had at least 15 employees. Wayne Wright may be served with process by serving its registered agent, A Wayne Wright, 5707 Interstate Ten West, San Antonio, TX 78201.

5.      At all relevant times, Defendant Wayne Wright has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit, Kendra Taylor-Andrews filed a charge with the Commission alleging violations of Title VII by Defendant Wayne Wright. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      Since at least May 2011, Defendant Wayne Wright has engaged in unlawful employment practices at its Houston offices, in violation of Section Sections 703(a)(1) and

2

701(k) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1) and 2000e(k). Wayne Wright additionally engaged in unlawful employment practices, in violation of Section 704 of Title VII, 42 U.S.C. § 2000e-3(a), by filing a declaratory judgment action against Taylor-Andrews following the filing of her charge of discrimination.

8. In October 2004, Ms. Taylor-Andrews began working for Wayne Wright as a Case Manager in its Corpus Christi office. However, in September, 2006, she transferred to Wayne Wright's Houston office.

9. At least once a year during Ms. Taylor-Andrews employment, Wayne Wright gave her an Employee Performance Review. These reviews gave "Performance Measure" ratings on approximately 25 different items; the rating grades were "Unsatisfactory," "Meets Expectations," "Exceeds Expectations," and "Exceptional."

10. Wayne Wright never gave Ms. Taylor-Andrews an "Unsatisfactory" for any item on any review.

11. Wayne Wright gave Ms. Taylor-Andrews several ratings of "Exceptional"; most ratings given to Ms. Taylor-Andrews were "Meets Expectations" or "Exceeds Expectations."

12. In the Employee Performance Review issued to Ms. Taylor-Andrews around November 2009, the head of Ms. Taylor-Andrews's department stated "By setting a high productivity standard, Kendra maintains a threshold that other case managers, firm wide are measured." Similarly, the Employee Performance Review signed in November 2010 cites her doing a "superb job," her "high productivity standard," and her "maintain[ing] a threshold that other case managers, firm wide are measured."

13. Each October, Wayne Wright awarded Ms. Taylor-Andrews a $.50/hour raise.

14. On May 18, 2011, Taylor-Andrews informed her direct supervisor and Department Head that she was pregnant.

15. Two days later, on May 20, Defendant's Human Resources Director (who offices in San Antonio) sent Taylor-Andrews a letter via certified mail stating that: "While you have not yet officially requested a leave of absence for your pregnancy and impending delivery of the child, we felt it was time to clearly and formally state our position on the matter." The letter continued "I must unfortunately inform you that should you make a request for leave of absence, your request will be denied …. We are sincerely sorry we cannot accommodate a leave of absence and want you to know that you are welcome to reapply should there be a vacancy when you are ready to return to work …. Please let me know in writing the date you would like to be your last day of employment."

16. Taylor-Andrews did not receive the certified letter until June 2011. Pressed to pick the date she would like to be fired, she wrote via e-mail to her employer on June 15, 2011, asking for clarification and stating that she did not intend to resign She concluded her e-mail as follows: "So if you can, please clarify for me, if you are asking me to submit a resignation letter, because as I stated, my intentions are not to resign, "but to be allowed the time to have my child and return back to work."

17. That same day, June 15, 2011, Taylor-Andrews was placed on a Performance Improvement Plan ("PIP"). The PIP was stated to have a 60-day duration.

18. Less than a week later, Taylor-Andrews' Department Head concluded a memorandum recommending that Wayne Wright fire Taylor-Andrews. The firing was made effective on June 22, 2011.

19. Wayne Wright's stated reason for firing Taylor-Andrews, i.e., "not following established procedures for submitting records, even after put on PIP," is a pretext for its true, unlawful motivation: pregnancy discrimination.

4

20. On June 29, 2011, Ms. Taylor-Andrews filed an EEOC charge alleging sex discrimination (pregnancy) and retaliation.

21. On August 19, 2011, Wayne Wright filed a declaratory judgment action against Taylor-Andrews. The Petition was filed in a County Court at Law in Bexar County, Texas, and explicitly references the allegations in Taylor-Andrews's EEOC charge, i.e., "Defendant ANDREWS has now alleged that she was discriminated against by Plaintiff and that her employment was wrongfully terminated. In particular, Defendant ANDREWS has claimed that Plaintiff engaged in sex discrimination and retaliated against Defendant ANDREWS").

22. Wayne Wright's motivation in filing the lawsuit was to retaliate against Taylor-Andrews for filing her discrimination complaint, and to deter her from further pursuing her claims.

23. The effect of the practices complained of in paragraphs 8-22 above has been to deprive Kendra Taylor-Andrews of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex, and to subject her to post-employment retaliation due to her having filed an EEOC discrimination charge to challenge Wayne Wright's unlawful actions.

24. The unlawful employment practices complained of in paragraphs 8-22 above were intentional.

25. The unlawful employment practices complained of in paragraphs 15-22 above were done with malice or with reckless indifference to the federally protected rights of Kendra Taylor-Andrews.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Wayne Wright, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in sex discrimination and retaliation.

B. Order Defendant Wayne Wright to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Wayne Wright to make whole Kendra Taylor-Andrews by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Kendra Taylor-Andrews.

D. Order Wayne Wright to make whole Kendra Taylor-Andrews, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 8-22 above, including job search expenses and medical expenses not covered by Wayne Wright's employee benefits plan as a result of the unlawful firing, in amounts to be determined at trial.

E. Order Wayne Wright to make whole Kendra Taylor-Andrews by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 8-22 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant Wayne Wright to pay Kendra Taylor-Andrews punitive damages for its malicious and reckless conduct described in paragraphs 15-22 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
131 M Street, N.E.
Washington, D.C. 20507

Rudy Sustaita
Senior Trial Attorney
Attorney-in-Charge
Texas Bar No. 19523560
Southern District of Texas No. 11850
Houston District Office
1201 Louisiana Street, Suite 600
Houston, Texas 77002
Phone: (713) 651-4970
Fax: (713) 651-4995
Email: rudy.sustaita@eeoc.gov

OF COUNSEL:

JIM SACHER
Regional Attorney
ROSE ADEWALE-MENDES
Supervisor Trial Attorney

Equal Employment Opportunity Commission
1201 Louisiana Street, Suite 600
Houston, Texas 77002